JOHN SCHENCK, Respondent, v. MATHEW MARX Appellant.

*N. Y. Supreme Court, Second Department, General Term, May, 31, 1889.*

*Appeal. Judgment reduced.*—Where the errors in the admission and rejection of evidence are sufficient to warrant a new trial, and such new trial will necessarily result in a verdict for a certain, though less, sum, the case on appeal can be properly disposed of by reducing the judgment to that amount, with interest, but without costs to either party on the appeal.

This action was brought for 'money had and received. The defendant, as an attorney, undertook to prosecute an action for damages for plaintiff under an agreement by which he was to retain thirty-five per cent of the recovery for his services. Subsequently counsel was employed to assist,

and another agreement was made whereby the plaintiff agreed to pay the defendant and the counsel an amount equal to thirty per cent of the recovery, besides disbursements. A verdict for plaintiff was rendered for $1,200 and collected, and defendant paid plaintiff $800, and retained the balance for his fees, and took a receipt in full from plaintiff. In this action plaintiff recovered a judgment for $220 and interest, from which defendant appealed.

*Mathew Marx*, (*S. B. Noble*, of counsel), for appellant in person.

*Johnes, Willcox & Purdy* (*Henry C. Willcox*, of counsel), for respondent.

PRATT, J.—It is plain enough that the object of this suit is to permit Benner to collect his share of fees from Marx under the second agreement, but it is difficult to see upon what theory the jury based their verdict.

It is clear the plaintiff understood he had agreed to give a portion of the recovery to his attorney and counsel, and equally clear he understood and was satisfied with the settlement, except possibly five per cent. Therefore in no event could he claim over sixty dollars, that being five per cent on the verdict of $1,200, and the weight of evidence seems to be in favor of such an amount.

There are some errors in the admission and rejection of testimony sufficient to warrant granting a new trial, but as a new trial must necessarily result in a verdict for at least sixty dollars, we think the case can be properly disposed of by reducing the judgment to that amount with interest since the date when the plaintiff received the $800, without costs to either party on this appeal.

All concur.